■ FREDERICK P. VANDUSEN et al., Appellants, v FAIRPORT SAVINGS AND LOAN ASSOCIATION, Respondent.—Order and amended supplemental order unanimously affirmed with costs. Memorandum: On April 28, 1986, plaintiffs gave their note for $67,000 to Fairport Savings and Loan Association (FSLA). The note was secured by a mortgage on plaintiffs' residence. FSLA issued two checks representing the total mortgage proceeds: a check for $3,760.36 payable to plaintiffs and a check for $63,239.64 payable to Goldome Realty Credit Corporation (Goldome), the holder of the first mortgage covering the plaintiffs' residence, which mortgage, if not discharged, would remain a lien prior in right to the mortgage given to FSLA. Goldome acknowledged receipt of this check but informed plaintiffs that additional interest remained due on its mortgage and that, upon payment of this sum, a discharge would be given to plaintiffs. Goldome retained the check and did not negotiate it until February 17, 1987, 304 days after receiving it.

Plaintiffs contend that because FSLA's check was not negotiated until February 17, 1987, a period of 304 days from the date it was issued, plaintiffs did not receive the use or benefit of the $63,239.64 nor was FSLA deprived of the use of this money during that period. They contend, therefore, that it was improper for FSLA to charge plaintiffs interest at the adjustable rate of 8.50% per annum on $63,239.64 for the said 304 days. We disagree.

Upon the closing of the mortgage loan transaction, plaintiffs were required to deliver their note for $67,000. The note was secured by a first mortgage upon plaintiffs' residence, free of other liens and encumbrances. FSLA was then obligated to provide for plaintiffs' use of the mortgage proceeds of $67,000. The parties performed their respective obligations at the mortgage closing. FSLA's check for $63,239.64 was delivered

to Goldome to satisfy its outstanding first mortgage. A check for the balance of the mortgage proceeds was delivered to plaintiffs. "Persons who occupy or intend to assume the relation of debtor and creditor may contract for the payment of interest within the limits allowed by statute, and such a contract is controlling" (72 NY Jur 2d, Interest and Usury, § 8; *see also, Rachlin & Co. v Tra-Mar, Inc.,* 33 AD2d 370, 373; *Tunnell v Tunnell,* 6 AD2d 1036, *affd* 6 NY2d 836). The record establishes that Goldome did not return this check to FSLA and funds were retained in FSLA's commercial checking account at its drawee bank to pay the check upon presentation. Moreover, Goldome treated the FSLA check as immediate payment of its principal mortgage indebtedness because no additional interest payment on that mortgage was charged to plaintiffs *(see, Kelly v Kowalsky,* 186 Conn 618, 442 A2d 1355). FSLA's contractual obligation was to make the mortgage proceeds available to plaintiffs or their designee; it was not obligated to secure the discharge of plaintiffs' existing mortgage. Further, FSLA relinquished control of its check upon its delivery to Goldome and the outstanding check became the equivalent of a demand note immediately payable to the payee upon presentation.

The cases relied on by plaintiffs are distinguishable on the facts because, in each case cited, the lender disbursed less than the amount loaned and charged the borrower interest upon the whole without benefit to the borrower *(see, East Riv. Bank v Hoyt,* 32 NY 118, 124; *Tri-County Fed. Sav. & Loan Assn. v Lyle,* 280 Md 69, 371 A2d 424). *Kelly v Kowalsky* (186 Conn 618, 442 A2d 1355, *supra)* involved the issue of whether retention of a conditional check constituted an accord and satisfaction. The cases cited by plaintiffs holding that payment is not made by the mere delivery of a check to a payee who does not present it for payment are inapposite *(see,* UCC 3-409; *Ward v Federal Kemper Ins. Co.,* 62 Md App 351, 489 A2d 91; *In re Estate of Collin,* 84 Cal App 3d 928, 149 Cal Rptr 65). (Appeal from orders of Supreme Court, Monroe County, Galloway, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine and Davis, JJ.