■ In the Matter of LYSANDER DUKULY, SR., Respondent, v ANGELO APONTE, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents, and STARRETT CITY INC., Appellant. [612 NYS2d 126] — Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about May 17, 1993, which granted petitioner's cross motion for a post-judgment cure hearing pursuant to RPAPL 753 (4), and held final disposition of this CPLR article 78 proceeding to annul respondent Division of Housing and Community Renewal's (DHCR) determination authorizing petitioner's eviction from the subject premises in abeyance pending such hearing, unanimously affirmed, without costs. Leave to appeal pursuant to CPLR 5701 (c) granted *sua sponte.*

Although the order on appeal was a nonfinal order in an article 78 proceeding not appealable as of right (CPLR 5701 [b] [1]), the remand of this matter aggrieves respondent Starrett City, and we accordingly hereby grant leave to appeal *sua sponte (see, Nemeroff Realty Corp. v Kerr,* 38 AD2d 437, 440, *affd* 32 NY2d 873). Starrett's appellate contention that the IAS Court was without the authority to remand this matter to DHCR for a hearing is not preserved for appellate review since it was never raised in the IAS Court, and is in any event clearly erroneous since a court has the power under CPLR 7806 to remand a matter to an administrative agency for further proceedings *(see,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7806.01). A remand was appropriate here in view of petitioner's contentions that his sons have stopped their misbehavior at the housing project. Concur—Ellerin, J. P., Asch, Rubin, Nardelli and Williams, JJ.