■ MOSTAFA REHAB, Respondent, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Appellant. [657 NYS2d 547] —Appeal

from order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered March 15, 1996, which denied respondent's motion to vacate a default judgment, entered November 3, 1995, granting petitioner's application pursuant to CPLR article 78 to the extent of remanding the matter to respondent, for a hearing, and from order, same court and Justice, entered November 18, 1996, which granted reargument but adhered to the prior order, unanimously dismissed, without costs.

The appeals are from nonfinal orders in an article 78 proceeding that are not appealable as of right (CPLR 5701 [b] [1]). Leave to appeal has not been requested, and we do not deem this an appropriate instance to grant such relief *sua sponte* because, among other reasons, the denial of vacatur does not, under these circumstances, offend the broad policy preference for resolving cases on the merits (*cf., Matter of Swartz v Wallach*, 87 AD2d 926, 927), and the nonmunicipal persons who are charged by petitioner with discriminatory practices are not parties to the article 78 and their substantive rights will not be directly affected by the hearing that has been ordered (*cf., Matter of Dukuly v Aponte*, 204 AD2d 189). In view of the foregoing, we take no position with respect to the merits of the appeal. Concur—Milonas, J. P., Ellerin, Nardelli and Williams, JJ.