■ In the Matter of LAMONT D., a Person Alleged to be a Juvenile Delinquent, Appellant. [668 NYS2d 495] —In consolidated juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Braslow, J.), entered February 13, 1996, which, upon two fact-finding orders of the same court, both entered October 26, 1995, made after a hearing, respectively finding that the appellant had committed acts, which if committed by an adult would have constituted (1) the crime of sexual abuse in the first degree (two counts), and (2) the crimes of attempted assault in the second degree, criminal mischief in the fourth degree, criminal possession of a weapon in the fourth degree, and unlawful possession of a weapon by a person under 16, adjudged him to be a juvenile delinquent and placed him on probation under the supervision of the Westchester County Department of Probation for a period of two years. The appeal brings up for review the fact-finding orders entered October 26, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

There is no merit to the appellant's contention that the petitions were not properly verified pursuant to Family Court Act § 311.2. Similarly, his challenges to the supporting depositions

are unavailing. CPLR 2101 (e), which is applicable in the absence of any specific relevant provision of the Family Court Act, expressly permits, except where otherwise specifically prescribed, the service and filing of copies of all papers (*see, Matter of Samuel E.,* 240 AD2d 251). Further, the supporting depositions, although unsworn, were valid, insofar as they clearly complied with CPL 100.30 (1) (d) (*see, Matter of Charlene D.,* 214 AD2d 561, 562).

Contrary to the appellant's assertions, the Family Court's findings of fact are supported by legally sufficient evidence. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the court's findings of fact are not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

The appellant's remaining contentions are without merit. O'Brien, J. P., Santucci, Krausman and Florio, JJ., concur.