■ In the Matter of DWAYNE JOHNSON, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [733 NYS2d 766] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding to review a determination which found him guilty of violating the prison disciplinary rule prohibiting the possession of authorized property in an unauthorized area. Respondent's answer included an objection in point of law which alleged that more than four months had elapsed between petitioner's receipt of notice of the determination and the commencement of this proceeding. Based upon the date stamps on the envelopes mailed by petitioner to the court clerk, Supreme Court concluded that petitioner's papers were actually received within the four-month period. Accordingly, Supreme Court dismissed respondent's objection and transferred the proceeding to this Court.

Relying upon *Matter of Grant v Senkowski* (95 NY2d 605), respondent contends that the filing of petitioner's papers and, therefore, the commencement of this proceeding (*see*, CPLR 304) did not occur until the index number was assigned one day after the expiration of the Statute of Limitations. Although an index number is to be assigned "[a]t the time of filing" (CPLR 304) or "[u]pon filing" (CPLR 306-a), the language of CPLR 304 and 306-a "which requires an immediate temporal link between (1) the litigant's physical act of filing, (2) the court's date stamping of filed papers and (3) the assignment of an index number—evinces the Legislature's intent to treat litigation papers as 'filed' within the meaning of CPLR 304 only upon the physical receipt of those papers by the court clerk or the clerk's designee" (*Matter of Grant v Senkowski, supra*, at 609). Respondent does not dispute Supreme Court's finding that petitioner's papers were actually received several days prior to the assignment of an index number and prior to the expiration of the Statute of Limitations. Accordingly, we conclude that the proceeding was timely commenced (*compare, Matter of Thompson v Selsky*, 283 AD2d 752, *with Matter of Huber v Selsky*, 284 AD2d 676).

Turning to the merits, we reject petitioner's contention that the determination finding him guilty of possessing authorized property in an unauthorized place is not supported by substantial evidence. The misbehavior report establishes that a shaving razor was found in petitioner's cell, a fact which petitioner did not dispute, and petitioner's claims that he knew nothing about the razor and that his cellmate had access to the cell where the razor was found are insufficient to defeat the inference of petitioner's possession (*see, Matter of Vasquez v Goord*, 263 AD2d 819).

Mercure, J. P., Crew III, Carpinello and Rose, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.