■ In the Matter of BRUCE R. ENGELBERT et al., Appellants, v GARY W. WARSHEFSKI et al., Constituting Zoning Board of Appeals of City of Rome, et al., Respondents. [738 NYS2d 257] —Order unanimously affirmed without costs. Memorandum: Petitioners commenced this CPLR article 78 proceeding to annul the determination of respondent Zoning Board of Appeals of the City of Rome (ZBA) granting the application of respondent Adirondack Stone Products, Ltd. (Adirondack) for a special exception permit to conduct mining operations on property owned by respondents John J. Corr and Lawrence T. Corr. Supreme Court granted the petition to the extent of remitting the matter to the ZBA for the limited purpose of determining whether, in light of the mining permit issued to Adirondack by the New York State Department of Environmental Conservation on March 15, 2000, there are any further or different conditions that should be attached to the special exception permit. In all other respects, the court confirmed the ZBA's determination and dismissed the petition.

"An appeal from a nonfinal intermediate order in a CPLR article 78 proceeding does not lie as a matter of right" (*Matter of Driscoll v Department of Fire,* 112 AD2d 751, citing CPLR 5701 [b] [1]; *see, Matter of Dukuly v Aponte,* 204 AD2d 189), and petitioners have not sought permission to appeal pursuant to CPLR 5701 (c). Nevertheless, we treat the notice of appeal as an application for permission to appeal and grant such permission.

Contrary to petitioners' contention, the ZBA had jurisdiction to grant the special exception permit under sections 37 and 56 (c) of the City of Rome Zoning Ordinance. In addition, the ZBA

made its decision granting Adirondack's application on December 1, 1999 and timely filed that decision in the Office of the City Clerk on December 3, 1999 (*see,* General City Law § 27-b [6]; § 81-a [2]). Finally, we agree with the court's conclusion that the ZBA's determination has a rational basis and is neither arbitrary nor capricious (*see, Matter of Citizens Accord v Town Bd.,* 192 AD2d 985, 989, *lv denied* 82 NY2d 656). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.