DWAINE R. SHARRATT et al., Appellants, v ROBERT F. HICKEY et al., Respondents, et al., Defendant. OSWEGO COUNTY CLERK, Respondent. [748 NYS2d 112] —Appeal from an order of Supreme Court, Oswego County (Nicholson, J.), entered June 8, 2001, which denied plaintiffs' motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and defendants are granted 20 days from service of a copy of the order of this Court with notice of entry to serve an answer.

Memorandum: Supreme Court erred in denying plaintiffs' motion seeking an order directing the Oswego County Clerk's Office (Clerk's Office) to deem the summons and complaint, which was received on March 22, 2001 but not accepted for filing until March 28, 2001, filed as of March 22, 2001 and transferring the action to Otsego County. On March 22, 2001, the Clerk's Office contacted plaintiffs' counsel's office by telephone and acknowledged receipt of the original summons and complaint and one copy thereof, an application for an index

number and the appropriate filing fee. The Clerk's Office informed plaintiffs, however, that it would not date stamp or file the papers until it received three additional copies of the summons and complaint, as required by "local rule." Plaintiffs did not comply with the local rule until March 28, 2001, one day after expiration of the applicable statute of limitations.

CPLR 304 provides in relevant part that "[a]n action is commenced by filing a summons and complaint," and that such filing "shall mean the delivery of the * * * summons and complaint * * * together with any fee required." CPLR 304 further provides that, "[a]t the time of filing, the filed papers shall be date stamped by the clerk of the court who shall file them and maintain a record of the date of the filing and who shall return forthwith a date stamped copy, together with an index number, to the filing party." Papers are filed within the meaning of CPLR 304 upon their physical receipt by the court clerk or the clerk's designee (*see Matter of Grant v Senkowski*, 95 NY2d 605, 609; *Matter of Johnson v Goord*, 288 AD2d 811, 812).

Plaintiffs complied with CPLR 304 on March 22, 2001 and the Clerk's Office was without authority to impose further requirements before accepting the summons and complaint for filing. "The CPLR takes precedence over [local] rules" (*Kromanik v Twiss*, 44 Misc 2d 627, 627; *see* 1 Carmody-Wait 2d, NY Prac § 2:246; *see also* 22 NYCRR 202.1 [c]; *Moreno v Greater N.Y. Dental Adm'rs*, 120 AD2d 343, 344; *Pipers v Rosenow*, 30 AD2d 690, 691).

We note that defendants do not dispute that the proper venue of this action lies in Otsego County. We therefore reverse the order, grant the motion and grant defendants 20 days from service of a copy of the order of this Court with notice of entry to serve an answer. Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.