OPINION OF THE COURT
Andrew V. Siracuse, J.
Both respondents have moved to dismiss this CPLR article 78 proceeding on timeliness grounds. These motions raise what the court believes is a novel point, yet another of the procedural difficulties raised by New York’s commencement by filing regime and the interpretation of that scheme by the various county clerks. In the present case these rules are further complicated by the application of CPLR article 11, which governs the bringing of actions by those who cannot afford court fees.
Mr. Blossick, the petitioner, was placed on a state registry of those found to have abused or neglected children. He believes that this determination was unsupported by substantial evidence and was affected by prejudice on the part of the administrative law judge.
He concedes that he received notice of the determination on May 15, 2004, and that the four-month statute of limitations period therefore expired on September 15. It is also clear from the papers presented that the petition in this action was filed with the Monroe County Clerk’s office on October 5, 2004. For this reason both respondents argue that the petition must be dismissed as untimely filed. They point to the uniform case law holding that no court has the authority to extend the statute of limitations.
The court is well aware of this principle, but it holds nonetheless that Mr. Blossick is not barred from pursuing this action. His uncontroverted account is that he presented both a petition and an application for poor person status to the clerk’s office in August, within the four-month limitations period. (At the time he was unrepresented.) The clerk refused to accept the petition for filing, insisting that Mr. Blossick could commence an action without payment of fees only after his poor person application had been approved.
This initial application was denied, but the following month, through procedures which remain unclear, a second application for poor person status was approved by a different judge. Armed with poor person status, Mr. Blossick was able to file in October the petition that he had first attempted to file two months earlier.
*623 The petitioner here did everything necessary under the CPLR to bring his action in a timely fashion. He was prevented from doing so by the clerk’s failure to understand and apply the intermeshed provisions of the CPLR as they apply to commencement, special proceedings, and the status of litigants without the resources to pay court fees. He should therefore be permitted to proceed as if he had filed his petition in August.
The combination of these provisions is not hard to set out, though the relevant rules appear in different sections of the CPLR. Section 1101 (d) states, in part, that:
“[A] plaintiff may seek to commence his or her action without payment of the fee required by filing the form affidavit, attesting that such plaintiff is unable to pay the costs ... in the clerk’s office along with the summons and complaint or summons with notice or third-party summons and complaint.”
The plaintiff may proceed while awaiting the determination of the poor person application. If the application is granted the action continues; if the application is denied he or she has 120 days to pay the required fees or the action is dismissed. The form order signed by judges after deciding poor person applications refers to this scheme, and in fact it makes no sense under any other.
The court must conclude that these provisions apply to article 78 proceedings as well as to plenary actions. It is well settled that the general rules of the CPLR apply mutatis mutandis to special proceedings such as article 78 proceedings unless provisions in article 4 or 78 provide otherwise. Neither of these articles contains any inconsistent provisions on this subject, and in fact neither speaks to the question of commencement by filing. (CPLR 7804 [a] states only that article 78 proceedings are special proceedings, and while CPLR 7804 [c] contains specific provisions for service it is silent on the question of commencement, except for an anachronistic reference to commencement by service with respect to proceedings against state bodies or officers.)
The court must conclude that the Legislature did not intend to exclude special proceedings from the provisions of article 11 — especially as these proceedings are often used, as they are here, to vindicate constitutionally protected rights of due process. It must therefore be possible to commence a special proceeding by filing the application for poor person status along with the petition, which since a recent amendment to the CPLR is all that is necessary to commence such a proceeding.
*624 Strictly speaking, Mr. Blossick should have brought an article 78 proceeding by way of mandamus once the clerk refused to accept the petition for filing — but he had no money to do so. The fundamental inconsistency of the clerk’s interpretation is obvious here, because bona fide applicants for poor person status like the petitioner face not only a fatal delay in the commencement of their article 78 proceeding, their poverty also prevents them from commencing a mandamus action compelling acceptance of the petition.
The court is aware of only one way to repair the damage caused by the clerk’s refusal to accept the petition, which is to deem it filed when presented. This will cause nominal prejudice to the respondents and comes close to an impermissible estoppel of government bodies. But when a citizen of this state attempts to vindicate his or her rights in the courts, proceeding in good faith and with an accurate understanding of procedural law, it would be far more impermissible to bar the courthouse door because of an erroneous interpretation of the law by a clerk.
The motions to dismiss are denied, without costs, and the respondents have 20 days to serve their answers instead of the minimum period of five days. As petitioner has raised a question of substantial evidence as well as of bias, this matter must be transferred to the Appellate Division, and the order shall so state.