BETTY J. PEACE et al., Appellants, v YUMIN ZHANG, Respondent. [789 NYS2d 362]—

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered July 16, 2003. The order granted that part of defendant's motion seeking to dismiss the complaint on the ground that the action was commenced after the expiration of the statute of limitations.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in part and the complaint is reinstated.

Memorandum: On November 11, 1996, Betty J. Peace (plaintiff) and defendant were involved in a motor vehicle accident in which plaintiff allegedly suffered injuries. On November 8, 1999, plaintiffs' counsel placed a summons and complaint in a designated area at his office for his courier to pick up and file with the Steuben County Clerk. The papers however, were not date-stamped at the Clerk's office until November 15, 1999, three days past the expiration of the statute of limitations (see CPLR 214 [5]; General Construction Law §§ 20, 24, 25-a).

Defendant moved to vacate a default judgment that had been granted when he failed to answer the complaint and also to dismiss the complaint based upon the statute of limitations. Supreme Court granted that part of the motion that sought to vacate the default judgment, and plaintiff has not appealed from that order. After a hearing on the issue of the statute of limitations, the court granted that part of defendant's motion that sought to dismiss the complaint. Based upon the date-stamp, the court held that defendant met his burden of establishing that the applicable three-year limitations period expired before this action was commenced, citing *Matter of Mendon Ponds Neighborhood Assn. v Dehm* (98 NY2d 745, 747 [2002]), and that plaintiffs failed to rebut the presumption that the summons and complaint were not filed until after the statute of limitations had expired. Plaintiffs now appeal from the resulting order.

Commencement of an action by "filing" of the summons and complaint under CPLR 304 means "delivery" of the summons and complaint to the Clerk (*Sharratt v Hickey*, 298 AD2d 956, 957 [2002]; *see Matter of Grant v Senkowski*, 95 NY2d 605, 609 [2001] [statutory language "evinces the Legislature's intent to treat litigation papers as 'filed' within the meaning of CPLR 304 only upon the physical receipt of those papers by the court clerk or the clerk's designee"]; *see also Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 719 [1997]; *Matter of Johnson v Goord*, 288 AD2d 811, 812 [2001]). We agree with the court that defendant met his initial burden of establishing that the applic-

able three-year limitations period expired before this action was commenced because the summons and complaint were date-stamped on November 15, 1999.

We, however, conclude that the facts warrant a result different from that reached by the court (*see* CPLR 5501 [c]; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see also Jacques v Sears, Roebuck & Co.*, 30 NY2d 466, 471 [1972]; *O'Connor v Papertsian*, 309 NY 465, 471-472 [1956]), because plaintiffs rebutted the presumption that the Steuben County Clerk received the summons and complaint on the date stamped. The hearing testimony establishes that, on November 8, 1999, the package containing the summons and complaint was placed on a shelf that was routinely used as the pickup point by the courier service to deliver documents to the County Clerk's office and that the courier had taken the papers on November 9, 1999. The courier testified that he typically files papers the same day that he receives them; that he picked up deliveries from the designated shelf at plaintiffs' attorney's office in November 1999; that, if the papers were to be delivered to the County Clerk's office, he routinely gave them to a particular employee to deliver; and that he never varied from that practice. Testimony from that employee establishes that she delivered documents to the County Clerk's office on the day that she received them, and that whatever the courier gave her on November 9, 1999 she took to the County Clerk's office and delivered to someone at the counter "between 1:30 and two o'clock" that day. The former Steuben County Deputy Clerk testified that she was fired on November 9, 1999 and that only one other employee was present to accept filings. That employee testified that, when the Deputy Clerk was fired, the office was "crazy," she was upset, the filings "piled up" and she alone had to handle the filings.

Because, in our view, plaintiffs established that the summons and complaint were physically delivered to the County Clerk's office prior to the expiration of the statute of limitations, this action was timely commenced. We therefore reverse the order, deny that part of the motion that sought to dismiss the complaint and reinstate the complaint. Present—Pigott, Jr., P.J., Pine, Kehoe and Lawton, JJ.