*296 OPINION OF THE COURT
W. Patrick Falvey, J.
Plaintiff seeks an order directing the Yates County Clerk’s Office to accept and file, nunc pro tunc, a notice of petition and petition as of November 30, 2005, in her CPLR article 78 proceeding brought against the Town of Milo (Index No. 2005-0449).
The plaintiff herein commenced a regular plenary action against the County, by filing a summons and complaint, on January 30, 2006. At the same time, plaintiff filed an order to show cause, essentially seeking immediate relief from the court for the ultimate relief requested in her complaint.
The notice of petition and petition in the action against the Town (Index No. 2005-0449) were filed December 1, 2005 (Hanrahan affidavit, exhibit A). However, on November 30, 2005 at 4:45 p.m., Steven Brace, acting at the request of petitioner’s attorney Mr. Hanrahan, arrived at the Yates County Clerk’s Office with the notice of petition and verified petition of Ms. Lynch against the Town, with the required $210 to purchase an index number. The documents presented for filing contained all the required signatures and were properly verified, but were copies, not original documents. Therefore, the County Clerk refused to file them (see affidavits of Williamson and Fenton, Clerk’s Office employees). The County Clerk says that the lack of original signatures was the sole reason the papers were not accepted for filing on November 30, 2005, which in attorney Hanrahan’s opinion was the last day they could be filed.
Plaintiff first sought by order to show cause in the article 78 proceeding (Index No. 2005-0449) an order that would deem the papers filed nunc pro tunc on November 30, 2005, the same relief sought herein. Mr. Hanrahan then withdrew that motion, after counsel for the Town of Milo argued in response to the motion that the County should have been named as respondent to the motion. So, Mr. Hanrahan then commenced this “Article 78” against the County by summons and complaint filed January 30, 2006 (Hanrahan affidavit, exhibit B).
Plaintiff argues that the CPLR does not require original signatures before pleadings may be accepted for filing. In fact, CPLR 304 contemplates filing by facsimile where authorized. Although Yates County is not one of the counties for such filing, plaintiff notes that in the case of facsimile filing, it would be impossible to have original signatures. Plaintiff argues that CPLR 2101 allows that copies of papers may be served or filed.
*297 In support of her application, plaintiff provides copies of the affidavits of Brace, Fenton and Williamson, as had been presented with the first order to show cause in the main action (Index No. 2005-0449). These affidavits confirm what transpired late in the day of November 30, 2005, when Mr. Brace arrived at the County Clerk’s office with the papers now sought to be filed nunc pro tunc.
Plaintiff cites, in her memorandum of law, CPLR 304 and 2101, and argues that article 78 does not make mention of a requirement of original petitions being filed. She notes that the petition was verified, as required.
The County opposes plaintiffs application, by attorney affirmation. The County argues that plaintiff must file a notice of claim under General Municipal Law § 50-e before she can sue the County. The County also argues that originals are a requirement for filing, since the County Clerk must have originals to be able to prepare certified copies of papers in a court file. For example, if a case is appealed to the Court of Appeals, the Clerk must send originals or certified copies (see 22 NYCRR 500.14). Further, the New York State Association of County Clerks has made it a policy of only accepting originals for filing in court files. The County also points to CPLR 4540 (a), which provides for use of a copy of a document as evidence at a trial. In addition, County Clerk Betts’ affidavit also states that she has been instructed to file only originals.
Initially, it should be noted that the present action is essentially a special proceeding, in the form of an article 78 against the County, seeking a determination that the County failed to perform a duty enjoined upon it by law (CPLR 7803 [1]), that is, that on November 30, 2005, it failed to accept for filing the notice of petition in the Lynch v Town of Milo (Index No. 2005-0449) article 78 proceeding.
While the plaintiff incorrectly labeled the pleadings in this present action as a summons and complaint, instead of a notice of petition and petition, the court may ignore these defects, in that no substantial right of a party would be prejudiced. (CPLR 3026.)
Therefore, the court will proceed under the provisions of CPLR article 78, and the pleadings will be deemed to be a notice of petition and petition.
The court concludes that a notice of claim is not required in this case. The action is one sounding in equity, and there is no *298 money judgment sought against the County. A notice of claim is not a condition precedent to a special proceeding properly brought pursuant to CPLR article 78 seeking judicial enforcement of a duty, in this case, the duty of the Clerk to file papers. (See Matter of Delle v Kampe, 296 AD2d 498 [2002].)
The filing of a petition in an article 78 proceeding is required by CPLR 304 for commencement of such a proceeding. The timeliness of such filing is an issue that may be raised by the respondent, along with timely service of the papers and other matters. (CPLR 7804 [f].) A failure to timely file does not require automatic dismissal of the action. (Matter of Fry v Village of Tarrytown, 89 NY2d 714 [1997].) It would be up to the respondent to appropriately seek such a dismissal by motion under CPLR 7804 (f). Here, Ms. Lynch seeks a ruling from the court, that her petition in the action against the Town of Milo should be deemed timely and properly filed under the circumstances shown by the affidavits in support of her application.
This court has found cases on similar issues, but none on the exact issue at bar, to wit, the County Clerk’s unwillingness to accept photocopies of the signed notice of petition and verified petition, on the last date for filing.
CPLR 2101 (e) provides:
“Except where otherwise specifically prescribed, copies, rather than originals, of all papers, including orders, affidavits and exhibits may be served or filed. Where it is required that the original be served or filed and the original is lost or withheld, the court may authorize a copy to be served or filed.”
Also instructive is CPLR 304 which states:
“A special proceeding is commenced by filing a petition . . . [F]iling shall mean the delivery of the . . . petition to the clerk of the court in the county in which the . . . special proceeding is brought . . . together with any fee required as specified in rule [2102] of this chapter for filing.”
This case is distinguishable from Matter of Mendon Ponds Neighborhood Assn. v Dehm (98 NY2d 745 [2002]), where the petition and notice of petition were submitted to the Chief Clerk of Monroe Supreme and County Courts, but never filed in the County Clerk’s office. The Court of Appeals affirmed that the respondent’s motion to dismiss the petition was properly granted. Here, the papers were properly submitted to the County Clerk, not the Court Clerk, for filing.
*299 In Peace v Yumin Zhang (15 AD3d 956 [4th Dept 2005]), plaintiff and defendant were involved in a motor vehicle accident. Plaintiffs’ counsel placed a summons and complaint in a designated area at his office for his courier to pick up and file with the Steuben County Clerk. The papers were not date-stamped by the Clerk’s office until three days past the expiration of the statute of limitations.
The Appellate Division, Fourth Department, held that the plaintiff rebutted the presumption that the Steuben County Clerk received the summons and complaint on the date stamped. The lower court held a hearing on the issue, and the hearing testimony established that the package containing the summons and complaint was placed on a shelf that was routinely used as the pick up point by the courier service to deliver documents to the County Clerk’s office. The courier had taken the papers to the County Clerk’s office three days before the date stamp. The courier’s employee testified that she delivered documents to the County Clerk’s office on the day she received them. The former Steuben County Deputy Clerk testified that she had been fired on the same date the papers were delivered by the courier service. The County Clerk’s employee testified that the office was “crazy” that day, she was upset, and filings piled up and she alone had to handle the filings. The Appellate Division went on to say: “Because, in our view, plaintiffs established that the summons and complaint were physically delivered to the County Clerk’s office prior to the expiration of the statute of limitations, this action was timely commenced.” (Id. at 958.)
See also Matter of American Fin. Corp. of Tampa v City of Rochester (2002 NY Slip op 50219[U] [2002]). There, the court ruled that the article 78 petitioner proved that it had filed the petition seeking to vacate the City’s tax foreclosure sale, even though the petition was not in the clerk’s files.
In Soto v Freda (196 Misc 2d 623 [Sup Ct, NY County 2003]), the plaintiffs attorney’s office sent an elderly employee to the County Clerk’s office to file a summons and complaint at 4:45 p.m. on the last day under the statute of limitations. The Clerk would not take the papers, without the Clerk’s own “Index Purchase Cover Sheet” form, even though the employee had the application for an index number, correct payment, and the papers to be filed. The attorney’s employee was physically unable to fill out the form, due to poor eyesight, and did not have time to take the form back to the office, and return with it in time that day. He asked the Clerk to help him fill it out, and the Clerk refused. The court held that the filing was timely.
*300 See also Matter of Blossick v Monroe County Dept. of Social Servs. (6 Misc 3d 621 [Sup Ct, Monroe County 2004]), where an article 78 petition was brought to the County Clerk’s office for filing well within the four-month statute of limitations, but was refused, because the Clerk insisted that petitioner could not commence an action without payment of fees until after his poor person application had been approved. Such approval occurred after the statute of limitations was past, and so the respondent argued that the petition should be dismissed for failure to timely file. The court ruled that the petitioner’s petition would be deemed filed when it had been first presented to the County Clerk.
Here, the affidavits in support are uncontradicted, that Steven Brace took the notice of petition, petition and payment for an index number to the County Clerk’s office at 4:45 p.m. on November 30, 2005, and the clerk employee, seeing that they were not original documents, refused to file them. However, she noticed that the petition had been signed and notarized.
The plaintiff/petitioner has shown that she had complied with the filing requirements of CPLR 304 on November 30, 2005, in that the papers were delivered to the County Clerk on that date, with proper payment. And, under CPLR 2101, absent authority to the contrary, copies may be filed. Vincent Alexander (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2101:5, at 720) notes:
“CPLR 2101 (e) is quite liberal in allowing either originals or copies to be served or filed. Ordinary photocopies will suffice, although an occasional statute may require certification. See, e.g., CPLR 5104
“Although it is customary in practice to file original papers with the court and to serve copies on the other parties, CPLR 2101(e) imposes no such requirement. Of course, other statutes may prescribe a different rule.”
The Appellate Division, Second Department, in Campbell v Johnson (264 AD2d 461, 461 [1999]) held:
“The Supreme Court erred in denying the defendant’s motion for leave to vacate the default judgment entered against him on the ground that he submitted photocopied and not original affidavits in support of the motion (see, CPLR 2101 [e]; Matter of Lamont D., 247 AD2d 615; Matter of Samuel E., 240 *301 AD2d 251).”
The Appellate Division, Second Department, in the Matter of Lamont D. case, cited in Campbell v Johnson (supra), stated: “CPLR 2101 (e), which is applicable in the absence of any specific relevant provision of the Family Court Act, expressly permits, except where otherwise specifically prescribed, the service and filing of copies of all papers (see, Matter of Samuel E., 240 AD2d 251)” (Matter of Lamont D., 247 AD2d 615, 616 [1998] [emphasis added]).
A review of the Town Law, as well as articles 4 and 78 of the CPLR, shows no requirement that an original petition must be filed. The petition is required to be verified (CPLR 7804 [d]) which is the case of the petition at bar.
While the County Clerk may have legitimate concerns regarding authenticity, and accuracy of a photocopied document, presented for filing, this court can find no statutory or case law authority for the proposition that only original documents may he filed. Indeed, it would seem that any party to the action who doubted the authenticity, or accuracy, of a filed photocopy of a document would have recourse by application to the court to correct any error in the filed copy. (See CPLR 2101 [f].)
As for the County’s concern regarding the County Clerk’s duty to certify copies of documents in her files, once any paper is filed, it becomes the official version of such document, and the County Clerk may certify a copy of such official version. (CPLR 8009 [3].) •
The petitioner’s petition is granted in that the Yates County Clerk is ordered to deem said petition filed nunc pro tunc as of November 30, 2005.