■ RONALD D. RESCH, Respondent, v DEBRA A. BRIGGS et al., Appellants. (And a Related Proceeding.) [856 NYS2d 317]—

Kavanagh, J. Appeal from an order of the Supreme Court (LaBuda, J.), entered February 27, 2007 in Sullivan County, which, among other things, denied defendants' motion to dismiss the complaint.

On April 18, 2003, plaintiff and defendant Debra A. Briggs were involved in a motor vehicle accident in the Town of Fallsburgh, Sullivan County. Plaintiff subsequently commenced an action against defendants by filing a summons and verified complaint with the Sullivan County Clerk, which were stamped filed and received on April 19, 2006. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) claiming that the filing of the summons and verified complaint occurred one day after the three-year statute of limitations for commencing this action had expired. Plaintiff cross-moved for an order directing the County Clerk to date stamp the summons and verified complaint as timely, nunc pro tunc. Plaintiff also commenced a CPLR article 78 proceeding in the nature of mandamus seeking to compel the Sullivan County Clerk to date stamp

the summons and verified complaint as received on or before April 18, 2006. After a hearing was held on the motion, cross motion and petition, Supreme Court denied defendants' motion to dismiss, granted the CPLR article 78 application and directed the Sullivan County Clerk to date stamp the summons and verified complaint received as of April 14, 2006 and issue an index number. Defendants now appeal.

It is undisputed that the summons and verified complaint were date stamped received by the County Clerk's office on Wednesday, April 19, 2006, one day after the statute of limitations governing the commencement of the negligence action had expired (*see* CPLR 214 [5]). It is plaintiff's contention that these documents were actually received by the County Clerk's office several days prior to April 19, 2006 and, as such, the statute of limitations did not expire. At the hearing held on the motions and CPLR article 78 petition, it was established that on Tuesday, April 3, 2006, an employee in plaintiff's counsel's office placed the summons and verified complaint in a UPS express overnight envelope addressed to the Supreme Court Clerk's office rather than, as required, to the County Clerk. A court clerk employed in the Supreme Court Clerk's office testified that while she had no actual recollection regarding the processing of plaintiff's papers, she acknowledged that she signed the UPS receipt for the documents establishing that they had in fact been received in her office on Wednesday morning, April 12, 2006. She further testified that her office routinely received mail that should have been addressed to the County Clerk's office and that her office's custom and practice when receiving such mail was to bring it—on the day it was received or, at the very latest, the next day—to the County's central service interoffice mailroom for transport to the County Clerk's office. An employee responsible for picking up and transporting all interoffice mail testified that, during the time period in question, twice each business day mail was retrieved from the interoffice mailroom and delivered to the County Clerk's office. The Sullivan County Clerk testified that while his office routinely received papers for processing through interoffice mail, he "wouldn't be surprised if it took two days to enter the mail from the date we received it." Based on this testimony, Supreme Court found that the summons and verified complaint were initially received by the Supreme Court Clerk's office on Wednesday, April 12, 2006 and, pursuant to administrative practices in place at that time, must have been actually delivered to the County Clerk's office no later than Friday, April 14, 2006, four days prior to the expiration of the statute of limitations.

The provision of the CPLR in effect on the date that plaintiff's

summons and verified complaint were filed* provided that "[a]n action is commenced by filing a summons and complaint" and that such filing "shall mean the delivery of the . . . summons and complaint . . . to the clerk of the court" (CPLR former 304). It also provided that "[a]t the time of filing, the filed papers *shall* be date stamped by the clerk of the court who *shall* file them and maintain a record of the date of the filing and who shall return forthwith a date stamped copy, together with an index number, to the filing party" (CPLR former 304 [emphasis added]). Papers are filed when they are delivered to the court clerk or the clerk's designee (*see Matter of Grant v Senkowski*, 95 NY2d 605, 608 [2001]; *Sharratt v Hickey*, 298 AD2d 956, 957 [2002]), and we agree that the delivery of the summons and verified complaint to the Supreme Court Clerk was ineffective for filing purposes (*see Matter of Montague v New York State Dept. of Envtl. Conservation*, 25 AD3d 904, 905 [2006], *lv denied* 6 NY3d 712 [2006]). The county clerk is the appropriate office for filing (*see* County Law § 525 [1]) and its receipt of these materials will determine the date they are deemed to be legally filed in terms of the commencement of this legal action (*see Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745, 746-747 [2002]).

We recognize that a presumption exists that the actual filing date is the date the summons and verified complaint are stamped filed by the County Clerk. However, extraordinary circumstances may exist establishing that the actual filing of these documents occurred on an earlier date than that reflected on the stamp and, if clear and unequivocal evidence exists establishing that fact, it will serve to rebut the presumption (*see Peace v Yumin Zhang*, 15 AD3d 956, 958 [2005] [the plaintiff rebutted presumption that summons and complaint delivered on the date stamped]). Here, plaintiff submitted such evidence and conclusively established that the summons and verified complaint were actually delivered to the County Clerk before the statute of limitations expired and should have been timely stamped filed (*see id.*; *Sharratt v Hickey*, 298 AD2d at 957).

Mercure, J.P., Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs. [*See* 14 Misc 3d 1227(A), 2007 NY Slip Op 50187(U).]

---

* CPLR 304 (a), as amended in 2007, now provides that the filing of commencement papers is to be made in accordance with CPLR 2102, which states that commencement papers filed "in accordance with the rules of the chief administrator or any local rule or practice established by the court shall be deemed filed. Where such rules or practice allow for the filing of a paper other than at the office of the clerk of the court, such paper shall be transmitted to the clerk of the court" (CPLR 2102 [b]).