In the Matter of LAIDLAW ENERGY AND ENVIRONMENTAL, INC., Appellant, v TOWN OF ELLICOTTVILLE et al., Respondents. [873 NYS2d 814]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered March 18, 2008 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Town of Ellicottville Planning Board (Board) denying its application for, inter alia, site plan approval for a cogeneration plant. Petitioner owns 16.5 acres of land in respondent Town of Ellicottville in an area zoned for "Light Industrial/Service Commercial" use. The previous owner of the property had operated a lumber drying kiln and cogeneration electrical power plant, powered by natural gas. Petitioner applied to the Board for, inter alia, site plan approval for a new cogeneration plant using wood chips as a fuel source (plant). The Board named itself as lead agency for a review pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act) and issued a positive declaration, requiring the preparation of a draft environmental impact statement (DEIS).

Petitioner subsequently submitted a DEIS and a revised DEIS to the Board, and a public hearing was held. The Board requested additional information from petitioner, and petitioner submitted a draft final environmental impact statement (FEIS) and a revised FEIS. The Board then issued the FEIS, held another public hearing on petitioner's applications, and subsequently denied site plan approval for the plant. In its Statement of Findings and Decision, the Board indicated that there was no area of greater concern than the air emissions from the proposed cogeneration plant, and that the "serious increases in harmful emissions" from the plant would result in an "unacceptable adverse impact."

Contrary to the contentions of petitioner, the Board's determination is not "arbitrary, capricious or unsupported by substantial evidence" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996]), and the record establishes that the Board took the

requisite hard look at the evidence and made a reasoned elaboration of the basis for its determination (*see generally Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd*, 79 NY2d 373, 383 [1992]). We thus conclude that Supreme Court properly dismissed the petition. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.