■ In the Matter of LAIDLAW ENERGY AND ENVIRONMENTAL, INC., Respondent, v TOWN OF ELLICOTTVILLE et al., Appellants. [875 NYS2d 668]—

Appeal from an order (denominated order and judgment) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered October 31, 2007 in a proceeding pursuant to CPLR article 78. The order denied respondents' motion to dismiss the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order denying their motion to dismiss the petition, respondents contend that petitioner did not properly commence this CPLR article 78 proceeding and thus that Supreme Court erred in denying the motion. We reject that contention. Although we note at the outset that no appeal lies as of right from a nonfinal order in a CPLR article 78 proceeding (*see* CPLR 5701 [b] [1]), we nevertheless treat the notice of appeal as an application for permission to appeal and grant petitioner such permission (*see Matter of Engelbert v Warshefski*, 289 AD2d 972 [2001]). We further note that we recently decided an appeal involving the underlying matter (*Matter of Laidlaw Energy & Envtl., Inc. v Town of Ellicottville*, 59 AD3d 1084 [2009]).

On the day on which the statute of limitations expired, July

11, 2007, a legal assistant from the office of petitioner's attorney (assistant) went to the Erie County Clerk's Office (Clerk's Office) with papers that included a notice of petition, verified petition and memorandum of law. Upon arriving at the Clerk's Office, the assistant filed an application for an index number and a request for judicial intervention (RJI), and he paid $305 to file the notice of petition, verified petition, memorandum of law and RJI. According to an affidavit of the assistant, he obtained an index number and entered it on the notice of petition and verified petition. An employee of the Clerk's Office stamped the cover page of the notice of petition with an official date-stamp. When the assistant thereafter asked the employee for a return date, the employee "indicated that [the] Court would establish a return date." According to the affidavit of the assistant, he was then "given the original papers by the [employee] and instructed to deliver them to [the court's] Chambers."

According to the affidavit of an employee of a delivery company retained by petitioner's attorney, along with a letter from petitioner's attorney to the court attached to that affidavit, on August 3, 2007 the employee hand delivered an "original Verified Petition with exhibits and Memorandum of Law . . . together with proof of timely service" to the court's drop box located outside the assigned justice's chambers.

Contrary to the contention of respondents, we conclude that petitioner filed the petition in accordance with CPLR former 304. Pursuant to that statute, a special proceeding was commenced by, inter alia, the filing of a petition with the clerk of the court. The clerk of Supreme Court is the County Clerk (*see* NY Const, art VI, § 6 [e]; County Law § 525 [1]) and, pursuant to CPLR former 304, "filing shall mean the delivery of the . . . petition to the clerk of the court . . . ." Inasmuch as petitioner paid the requisite fees and obtained an index number, the only issue before us is whether the petition was delivered in accordance with CPLR former 304. Delivery is defined as "[t]he formal act of transferring something . . .; the giving or yielding possession or control of something to another" (Black's Law Dictionary 461 [8th ed 2004]; *see generally Peace v Yumin Zhang*, 15 AD3d 956, 958 [2005]), and "[p]apers are filed within the meaning of CPLR [former] 304 upon their physical receipt by the court clerk or the clerk's designee" (*Sharratt v Hickey*, 298 AD2d 956, 957 [2002]; *see Matter of Grant v Senkowski*, 95 NY2d 605, 609 [2001]; *see also Davis v Bollweg*, 249 AD2d 972 [1998]). After the papers are delivered, it is the clerk of the court who is required to take further action by date-stamping the filed

papers, filing them, maintaining a record of the date of the filing and returning a date-stamped copy, together with an index number, to the filing party (*see* CPLR former 304).

Here, the assistant gave the papers to the County Clerk's employee, who proceeded to date-stamp them. Instead of filing the papers, however, the employee returned them to the assistant and instructed him to deliver the papers to the court. The failure of an employee "to perform his [or her] duty in filing a [petition] does not impair the rights of an individual who has properly delivered it to him or [her]" (*New York County Natl. Bank v Wood*, 169 App Div 817, 821 [1915], *affd* 222 NY 662 [1918]; *see Matter of Blossick v Monroe County Dept. of Social Servs.*, 6 Misc 3d 621, 623 [2004]; *see also Resch v Briggs*, 51 AD3d 1194, 1196 [2008]; *Peace*, 15 AD3d at 958).

Because the papers were properly filed, we do not address whether there was a curable defect in the filing itself (*see* CPLR 2001). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.