OPINION OF THE COURT
Richard F. Braun, J.
*803 This is a CPLR article 78 proceeding. The only specific relief that petitioner seeks is an “order” directing respondent Norman Goodman, County Clerk of the County of New York, along with his agents and representatives, to accept for filing copies of affidavits that petitioner wants to file pursuant to CPLR 3218 (b). Respondents have not submitted any papers in opposition.
Petitioner submitted to respondent a copy of an affidavit by a defendant confessing judgment. According to petitioner, respondent, in interpreting CPLR 3218 (b), took the position that because the statute says “the affidavit,” that means the original affidavit must be filed, and thus he would not accept a copy thereof for filing. Petitioner brought this challenge on August 18, 2009 by order to show cause on an emergency basis because the three-year deadline to file the affidavit would have expired two days after the proposed order to show cause was submitted to this court. The court signed the order to show cause and made it returnable the following day.
CPLR 3218 (b) provides in part:
“At any time within three years after the affidavit is executed, it may be filed with the clerk of the county where the defendant stated in his affidavit that he resided when it was executed or, if the defendant was then a non-resident, with the clerk of the county designated in the affidavit. Thereupon the clerk shall enter a judgment in the supreme court for the sum confessed. He shall tax costs to the amount of fifteen dollars, besides disbursements taxable in an action. The judgment may be docketed and enforced in the same manner and with the same effect as a judgment in an action in the supreme court.”
CPLR 2101 (e) states in pertinent part: “Except where otherwise specifically prescribed, copies, rather than originals, of all papers, including orders, affidavits and exhibits may be served or filed.”
CPLR 2102 (c) provides: “A clerk shall not refuse to accept for filing any paper presented for that purpose except where specifically directed to do so by statute or rules promulgated by the chief administrator of the courts, or order of the court.”
Petitioner presented the affidavit to respondent for the purpose of filing the paper in order to make it part of the court record, as defined by 22 NYCRR 104.1 (b), and thus obtain a judgment by confession pursuant to CPLR 3218 (b). Contrary to *804 respondent’s position as stated by petitioner, although not an unreasonable interpretation by respondent, CPLR 3218 (b) does not specify that only the original of the affidavit must be accepted for filing and does not proscribe the filing of a copy of the affidavit. The purpose of CPLR 3218 (b) is to afford a party the discretion to file the affidavit if desired. CPLR 2101 (e) allows the filing of copies of affidavits (see Lynch v Betts, 12 Misc 3d 295 [Sup Ct, Yates County 2006]), which filing under CPLR 3218 (b) is not otherwise specifically prescribed.
There is neither a statute nor rule of the Chief Administrator of the Courts that directs respondent to refuse to accept for filing a copy of an affidavit under CPLR 3218 (b), nor has respondent shown that there is any court order that so directs him.. Professor Alexander comments that the purpose of CPLR 2102 (c) is to strip clerks of any authority to reject papers offered for filing unless the refusal is directed by law, rule, or court order (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2102, 2009 Pocket Part, at 283).
Therefore, pursuant to this court’s August 20, 2009 decision, judgment, and order, this court has directed respondent, and his agents and representatives, to accept for filing copies of the affidavits pursuant to CPLR 3218 (b). That is all of the specific relief requested by petitioner. This court is not directing respondent as to how he should act in fulfilling his duties after he accepts the affidavits for filing.