# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1211
CA 12-02369
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

IN THE MATTER OF MICHAEL D. GREEN, M.D.,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MONROE COUNTY CHILD SUPPORT ENFORCEMENT UNIT,
RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

FORSYTH, HOWE, O'DWYER, KALB & MURPHY, P.C., ROCHESTER (SANFORD R. SHAPIRO OF COUNSEL), FOR PETITIONER-APPELLANT.

MERIDETH A. SMITH, COUNTY ATTORNEY, ROCHESTER (MARIE C. D'AMICO OF COUNSEL), FOR RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered March 7, 2012 in a CPLR article 78 proceeding. The order remitted the proceeding to Family Court for a hearing before the Support Magistrate on the merits of petitioner's objection to his ex-wife's request for a cost of living adjustment to the amount of his child support obligation.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to vacate respondent's determination denying his claim that respondent erred in calculating the amount of his child support arrears. Petitioner asserted, inter alia, that his ex-wife withdrew her request for a cost of living adjustment (COLA) to the amount of his child support obligation, and thus that respondent was precluded from making any such adjustment. In appeal No. 1, petitioner appeals from an order remitting the matter to Family Court for a hearing before the Support Magistrate on the merits of petitioner's objections to the COLA. In appeal No. 2, petitioner appeals from an "amended order" providing that prior orders of Family Court relative to the ex-wife's request for a COLA and petitioner's objections thereto "will not prevent an adjustment to petitioner's child support." The "amended order" is in fact a supplemental order and therefore does not supersede the order in appeal No. 1 (*see VanDusen v Fairport Sav. and Loan Assn.*, 147 AD2d 973, 973; *cf. Allen v Gen. Elec. Co.*, 32 AD3d 1163, 1165).

We conclude that both appeals must be dismissed. "An appeal from

a nonfinal intermediate order in a CPLR article 78 proceeding does not lie as of right" (*People ex rel. Afrika v Russi*, 204 AD2d 1062, 1062, *appeal dismissed* 84 NY2d 821; *see* CPLR 5701 [b] [1]), but "is authorized only upon permission of the Judge who made the order or from a Justice of the Appellate Division" (*Afrika*, 204 AD2d at 1063; *see* CPLR 5701 [c]).  Although we have the discretion to treat the notices of appeal as applications for permission to appeal (*see Matter of Laidlaw Energy & Envtl., Inc. v Town of Ellicottville*, 60 AD3d 1284, 1284), we decline to do so under the circumstances of this case (*see e.g. Matter of Scarcella v Village of Scarsdale Bd. of Trustees*, 72 AD3d 831, 831, *lv denied* 15 NY3d 715; *Matter of Young Israel of Merrick v Board of Appeals of Town of Hempstead*, 304 AD2d 834, 834-835; *Afrika*, 204 AD2d at 1063).  In addition, we note that the appeal from the order in appeal No. 1 must be dismissed on the further ground that petitioner is not aggrieved by that order inasmuch as Supreme Court merely remitted the matter to Family Court for a hearing before the Support Magistrate on the merits of petitioner's objections to the COLA (*see Matter of Byrne v Byrne*, 46 AD3d 811, 811).  Finally, the issue raised in appeal No. 1 whether the court properly remitted the matter to Family Court is not encompassed by the notice of appeal therein (*see generally Camperlino v Town of Manlius Mun. Corp.*, 78 AD3d 1674, 1675, *lv dismissed* 17 NY3d 734).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court