■ In the Matter of Li Rong Gao et al., Respondents, v Perfect Team Corp., Appellant. [2 NYS3d 559]—

In a proceeding pursuant to Business Corporation Law §§ 1008 and 1115, inter alia, for judicial supervision of the dissolution and liquidation of a corporation, Perfect Team Corp. appeals from (1) an order of the Supreme Court, Queens County (Taylor, J.), dated October 8, 2010, which, upon Perfect Team Corp.'s failure to appear or answer, enjoined it from selling or transferring its corporate assets and directed it to provide an accounting, (2) an order of the same court dated February 1, 2012, which, sua sponte, amended certain provisions of the order dated October 8, 2010, and (3) an order of the same court dated June 27, 2013, which denied Perfect Team Corp.'s motion to vacate the orders dated October 8, 2010, and February 1, 2012, pursuant to CPLR 5015 (a) (4), and to dismiss the petition pursuant to CPLR 3211 (a).

Ordered that the appeals from the orders dated October 8, 2010, and February 1, 2012, are dismissed, as no appeal lies from an order or judgment granted upon the default of the appealing party (*see* CPLR 5511; *J.F.J. Fuel, Inc. v Tran Camp Contr. Corp.*, 105 AD3d 908 [2013]); and it is further,

Ordered that the order dated June 27, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

In this proceeding seeking judicial supervision of the dissolution and liquidation of Perfect Team Corp. (hereinafter the appellant), the Supreme Court entered an order upon the appellant's default, and then, sua sponte, amended certain provisions of that order in another order. The appellant subsequently moved, inter alia, to vacate those orders pursuant to CPLR 5015 (a) (4), claiming that there was no subject matter jurisdiction because the petition was not filed with the Queens County Clerk until October 19, 2010, after the court had issued the order dated October 8, 2010, upon the appellant's default. The Supreme Court denied the motion.

The Supreme Court properly denied that branch of the appellant's motion which was to vacate the prior orders on the ground of lack of jurisdiction. Here, the appellant's allegation that the petition initiating this proceeding was not filed with the Queens County Clerk until October 19, 2010, was based on the date stamp on the petition. In opposition to the appellant's showing, the petitioners offered the affirmation of their attorney, wherein she averred that she actually filed and delivered the petition to the Queens County Clerk on June 8, 2010, and that the stamp was belatedly applied owing to a clerical error. A print-out of the court docket from October 2010, showing that the petition

was duly filed with the Queens County Clerk on June 8, 2010, was annexed to the affirmation. Under these circumstances, the Supreme Court properly determined that it had subject matter jurisdiction over the proceeding (*see Resch v Briggs,* 51 AD3d 1194, 1196 [2008]). We further find that the appellant failed to establish its entitlement to vacatur based upon lack of personal jurisdiction.

The appellant's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.