Matter of Carcone v City of Utica (2020 NY Slip Op 04103)





Matter of Carcone v City of Utica


2020 NY Slip Op 04103


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1273 CA 19-01248

[*1]IN THE MATTER OF THOMAS E. CARCONE, ON BEHALF OF AND IN HIS CAPACITY AS PRESIDENT OF LOCAL 32 INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS A.F.L. - C.I.O. - C.L.C. UTICA PROFESSIONAL FIRE FIGHTERS ASSOCIATION, AND RICHARD J. FORTE, PETITIONERS-RESPONDENTS,
v
CITY OF UTICA, ROBERT M. PALMIERI, IN HIS OFFICIAL CAPACITY AS THE MAYOR AND ACTING COMMISSIONER OF PUBLIC SAFETY FOR THE CITY OF UTICA, RESPONDENTS-APPELLANTS, AND JOHN KELLY, RESPONDENT. 






WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (KATHRYN F. HARTNETT OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
GLEASON DUNN WALSH & O'SHEA, ALBANY (RONALD G. DUNN OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered December 27, 2018 in a CPLR article 78 proceeding. The order granted the relief sought in the second "claim" in the petition by directing respondent City of Utica to reinstate petitioner Richard J. Forte to the status of suspended with pay and to provide him with back pay. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the second "claim" is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding, which includes, inter alia, a "claim" seeking to reinstate Richard J. Forte (petitioner), who was employed by the Utica Fire Department (UFD) as a firefighter, to the payroll with back pay. Supreme Court issued an order granting that relief. Respondents City of Utica and Robert M. Palmieri, in his official capacity as the Mayor and Acting Commissioner of Public Safety for the City of Utica (collectively, respondents), appeal, and we reverse.
As a preliminary matter, "no appeal lies as of right from a nonfinal order in a CPLR article 78 proceeding" (Matter of Laidlaw Energy & Envtl., Inc. v Town of Ellicottville, 60 AD3d 1284, 1284 [4th Dept 2009]; see CPLR 5701 [b] [1]). A nonfinal order is one, such as the order on appeal here, in which "a court decides one or more but not all causes of action in the [petition] . . . but leaves other causes of action between the same parties for resolution in further judicial proceedings" (Burke v Crosson, 85 NY2d 10, 15-16 [1995]; see Matter of 1801 Sixth Ave., LLC v Empire Zone Designation Bd., 95 AD3d 1493, 1495 [3d Dept 2012], lv dismissed 20 NY3d 966 [2012]). Nevertheless, we exercise our discretion to treat the notice of appeal as an application for permission to appeal, and we grant respondents such permission (see Laidlaw Energy & Envtl., Inc., 60 AD3d at 1284; cf. Matter of Green v Monroe County Child Support Enforcement Unit, 111 AD3d 1446, 1447 [4th Dept 2013]).
While petitioner was working at the fire station one day, he masturbated and ejaculated onto the "inside crotch area" of a pair of pants belonging to an unsuspecting female firefighter who was away from the station responding to a call. Several firefighters who had access to the pants voluntarily provided a buccal swab and were cleared by DNA testing. Petitioner refused to [*2]provide a buccal swab until he was compelled to do so by court order. Subsequent DNA testing confirmed that the semen belonged to him. Respondents brought charges against him pursuant to Civil Service Law § 75, and suspended him without pay for 30 days. Petitioner demanded arbitration pursuant to a collective bargaining agreement, and a hearing commenced. At the close of respondents' case, petitioner demanded the disciplinary file of respondent John Kelly, who had been disciplined for engaging in similar sexual misconduct at work while employed by the UFD. Respondents refused to produce the file on the ground that personnel records of firefighters are confidential pursuant to Civil Rights Law § 50-a, and may not be released without a court order unless the firefighter consents to their release, which Kelly did not. The arbitrator then adjourned the hearing so that petitioner could apply for a court order, and respondents suspended petitioner without pay for an additional period of time pending the resumption of the hearing.
Civil Service Law § 75 provides that a public employee may be suspended without pay for a maximum of 30 days while awaiting a hearing on disciplinary charges (see § 75 [3]). Although an employee suspended without pay for a longer period under those circumstances is generally entitled to receive back pay, he or she waives any claim to back pay if a delay in the disciplinary hearing beyond the 30-day maximum is "occasioned by" his or her own conduct (Matter of Fusco v Griffin, 67 AD2d 827, 827 [4th Dept 1979]; see Gerber v New York City Hous. Auth., 42 NY2d 162, 165 [1977]; Matter of Conde v Aiello, 204 AD2d 1029, 1030 [4th Dept 1994]). Waiver, however, does not occur when the parties are "equally responsible" for the delay (Matter of Skrypek v Bennett, 7 NY3d 919, 919 [2006]; see Fusco, 67 AD2d at 827).
We agree with respondents that petitioner is not entitled to reinstatement or back pay because petitioner was solely responsible for the delay. Petitioner's attorney is an experienced practitioner familiar with Civil Rights Law § 50-a. As such, petitioner's attorney either knew or should have known that, in order to secure production of the file, section 50-a required that he obtain either Kelly's consent or a court order. Indeed, respondents publicly announced in multiple press releases several months before the arbitration that Kelly's file was confidential pursuant to section 50-a. Moreover, petitioner's attorney had specific knowledge of the contents of the file because he was involved professionally in the investigation of Kelly's misconduct. Based on that experience and knowledge, petitioner could have taken steps to obtain the file long before the arbitration commenced, such as asking Kelly for his consent or commencing a proceeding to obtain a court order. Because petitioner failed to take any action, "the entire period of delay in holding the hearing resulted from his dilatory tactics" (Gerber, 42 NY2d at 165).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court