■ In the Matter of JOHN MANDALA, Appellant, v JOSEPH JABLONSKY, as Sheriff of the County of Nassau, et al., Respondents. [660 NYS2d 593] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Joseph Jablonsky, as Sheriff of Nassau County, dated September 16, 1994, denying the petitioner's administrative appeal of a determination of the Nassau County Correctional Facility, dated August 17, 1994, finding that the petitioner had violated a certain rule of that facility, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered December 7, 1995, which, upon a decision of the same court, dated June 14, 1995, determining that the petitioner failed to "comply with the service clause of the order to show cause by which he commenced this special proceeding", granted the respondents' motion to dismiss the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the motion to dismiss the proceeding is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the merits.

The petitioner attempted to commence the instant proceeding by mailing an unsigned order to show cause, verified petition, and other supporting papers to the Clerk of the Supreme Court, Nassau County. The papers were received on January 12, 1995. The order to show cause was thereafter signed, but the signature was not dated. The County Attorney moved to dismiss "for failure to comply with the Statute of Limitations", on the ground that filing an unsigned order to show cause is insufficient to commence a special proceeding (see, CPLR 304).

The court dismissed the proceeding for failing to comply with the service provisions of the order to show cause, which stated that service by mail by January 20, 1995, would be deemed sufficient service. This issue was not raised by the County Attorney and therefore constituted an improper basis for dismissal.

With respect to compliance with CPLR 304, the Court of Appeals has held: "Since an unexecuted order to show cause is of no legal effect (cf., CPLR 2214 [d]; 2219 [a]), its filing did not satisfy the provision of the commencement-by-filing statute requiring petitioner to file an order to show cause or a notice of petition along with the petition * * * Therefore, petitioner's failure to file the proper papers with the clerk of the court, and the attendant failure to properly commence the special proceeding, rendered the proceeding subject to dismissal (see, Matter of Gershel v Porr, 89 NY2d 327, 332; Matter of Vetrone v Mackin, 216 AD2d 839, 841)" (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 717).

However, the petitioner, a pro se prisoner, unlike other litigants, could not travel to the courthouse personally to see that the order to show cause was timely signed and filed. His control over the processing of his papers ceased when he mailed them (see, Houston v Lack, 487 US 266, 271-273). Since his papers were received in ample time to be signed and filed within the Statute of Limitations period, the proceeding must be deemed timely commenced (see, Houston v Lack, supra).

On the merits, the petitioner asserts that the respondents "fail[ed] to comply with their own regulations at the disciplinary hearing and on the administrative appeal". The question of substantial evidence is not raised. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a determination of the merits (cf., CPLR 7804 [g]). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.