OPINION OF THE COURT
Levine, J.
Petitioner, while an inmate at the Coxsackie Correctional Facility, brought this CPLR article 78 proceeding to challenge a determination finding him guilty of violating a prison disciplinary rule prohibiting the possession of a weapon. The sole issue on appeal is whether petitioner timely complied with CPLR 304’s commencement-by-filing requirements when he delivered a proposed order to show cause, verified CPLR article 78 petition and request to proceed as a poor person to prison authorities for mailing to the appropriate court.
Petitioner, proceeding pro se, submitted his proposed order to show cause, petition and request for poor person relief to prison authorities on Wednesday, October 21, 1998, five days before the applicable Statute of Limitations period expired (see, CPLR 217 [1]). Because he requested that the papers be sent by certified mail, petitioner also submitted a form authorizing the Department of Correctional Services to deduct the required additional postage from his prisoner account. The prison business office processed that request and, on Monday, October 26, 1998, mailed petitioner’s papers to Supreme Court, Albany County, where they were received in the court clerk’s office on October 28, 1998, two days after the Statute of Limitations expired. A Supreme Court Justice signed the order to show cause on November 5. Thereafter, the signed order to show cause and verified petition were filed with the court clerk.
Respondents moved to dismiss the proceeding as time-barred. Supreme Court granted the motion and entered a judgment *608 dismissing the proceeding. The Appellate Division unanimously affirmed. We granted leave to appeal and now affirm.
Under this State’s commencement-by-filing system, an article 78 proceeding is “commenced by filing a notice of petition or order to show cause and a petition” (CPLR 304). Claims asserted in such proceedings are deemed “interposed” for Statute of Limitations purposes at the time of filing (see, CPLR 203 [c]). The term “filing” is statutorily defined as “the delivery of the * * * notice of petition or order to show cause to the clerk of the court in the county in which the action or special proceeding is brought or any other person designated by the clerk of the court for that purpose together with any fee required * * * for filing” (CPLR 304).
Relying on the holding of the Supreme Court of the United States in Houston v Lack (487 US 266), petitioner urges us to adopt a pro se prisoner “mailbox rule,” under which the term “filing” would be redefined to mean the delivery of a notice of petition or order to show cause by a pro se prisoner to prison authorities for forwarding to the appropriate court. Because he delivered his proposed order to show cause, verified petition and request for poor person relief to prison authorities before the Statute of Limitations expired, petitioner argues that his CPLR article 78 proceeding should be deemed timely commenced. We disagree.
In Houston, the Supreme Court held that a pro se prisoner’s notice of appeal was filed when delivered to prison officials for transmittal to the court. That holding was based, in part, upon the Court’s interpretation of the term “filing” as used in the Federal Rules of Appellate Procedure, which were promulgated and adopted by the Supreme Court itself. The Supreme Court’s authority in interpreting its own rules exceeds our authority in interpreting the CPLR, which consists of statutory provisions that we are constrained to interpret so as to give effect to the will of the Legislature. Here, the Legislature’s intent to treat papers commencing litigation as “filed” upon the actual receipt of those papers by the clerk of the court — rather than upon delivery to prison authorities for forwarding to the court — is manifest from the statute’s language and purpose.
After defining the term “filing” as the delivery of certain litigation papers to the clerk of the court or other person designated by the clerk, CPLR 304 specifies that, “[a]t the time of filing, the filed papers shall be date stamped by the clerk of the court who shall file them and maintain a record of the date *609 of the filing and who shall return forthwith a date stamped copy, together with an index number, to the filing party.” In addition, CPLR 306-a (a) provides that an index number shall be assigned “[u]pon filing.” This express statutory language— which requires an. immediate temporal link between (1) the litigant’s physical act of filing, (2) the court’s date stamping of filed papers and (3) the assignment of an index number— evinces the Legislature’s intent to treat litigation papers as “filed” within the meaning of CPLR 304 only upon the physical receipt of those papers by the court clerk or the clerk’s designee.
Moreover, construing the term “filing” as requiring the actual receipt of litigation papers which are date-stamped by the court clerk or the clerk’s designee furthers one of the primary purposes underlying the filing requirements: “to pinpoint the moment of ‘commencement,’ ” thereby fixing the “crucial date” for determining whether the Statute of Limitations is satisfied (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 719). Adoption of a prisoner mailbox rule would substantially undermine this goal and render the date of commencement uncertain.
We recognize the greater impediments pro se prisoners may face over most other litigants in filing their legal papers on time. But, absent any evidence that the Legislature intended to vary for their benefit the filing-by-receipt requirement established in CPLR 304, we cannot depart from the statutorily mandated filing requirements by incorporating a pro se prisoner mailbox exception.
In one limited respect, however, the Legislature has evidenced its intent to ease the burden of the unique impediments involved in the commencement of proceedings by pro se inmates. Generally, litigants are required to file a signed order to show cause to commence a proceeding because “an unexecuted order to show cause is of no legal effect” (Matter of Fry v Village of Tarrytown, supra, 89 NY2d, at 717). Indeed, the Appellate Division here applied this rule in stating that “ [petitioner did not commence the proceeding * * * until November 10, 1998” (270 AD2d 536, 537). But CPLR 1101 (f) sets up a special procedure for pro se prisoners, which effectively changes the general rule and allows the commencement of a proceeding by the filing of an unsigned order to show cause.
CPLR 1101 (f), entitled “Fees for inmates,” was enacted in 1999 to provide a means for an inmate to commence an “action or proceeding” by paying a reduced filing fee (see, L 1999, ch *610 412). The inmate requests such relief by filing a “form affidavit * * * along with the summons and complaint or summons with notice or third-party summons and complaint or petition or notice of petition or order to show cause” (CPLR 1101 [f] [1] [emphasis supplied]). At that point in time, even before the proposed order to show cause is signed by a Judge, CPLR 1101 (f) (1) directs that the case “be given an index number * * * and the application will be submitted to a judge of the court.” We conclude that this statutory scheme evinces the Legislature’s intent to treat an inmate’s unsigned order to show cause as “filed” when the case is assigned an index number upon receipt of the papers by the clerk of the court (see, CPLR 306-a [a] [index number shall be assigned “(u)pon filing”]; CPLR 304 [index number is assigned “(a)t the time of filing”]).
CPLR 1101 (f), however, is of no avail to petitioner. Petitioner’s proposed order to show cause, verified petition and request for poor person relief were not received by the clerk of the court until two days after the Statute of Limitations expired and, thus, were not timely filed even under the procedure for commencement of actions and proceedings by indigent prison inmates established in CPLR 1101 (f). Whether untimeliness could be excused by reason of inordinate delay in the mailing of litigation papers by prison officials is not before us in this case.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley and Rosenblatt concur; Judge Graffeo taking no part.
Order affirmed, without costs.