■ In the Matter of CHRIS JAMES, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [722 NYS2d 609] —Peters, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered December 21, 1999 in Chemung County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Following a tier III hearing, petitioner was found guilty of violating certain prison disciplinary rules. Upon petitioner's receipt of the administrative affirmance of such determination on April 6, 1999, a CPLR article 78 proceeding was commenced. Respondents successfully moved to dismiss the proceeding on timeliness grounds, prompting this appeal.

Petitioner's receipt of the administrative determination on April 6, 1999 rendered it final and binding (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834), thus triggering the four-month statutory period within which judicial review may be sought (*see,* CPLR 217 [1]; *Matter of Shell v McCray*, 261 AD2d 664). From a disbursement form

authorizing prison officials to deduct the cost of postage from petitioner's account, we can discern that petitioner placed a verified petition and application for poor person status in the prison mail system on Wednesday, July 28, 1999, seven days before the expiration of the limitations period. Prison officials approved his request on August 2, 1999; the papers were received by the clerk of the court on August 5, 1999 and, after the expiration of the limitations period, an order to show cause was issued by Supreme Court. It was filed with the Chemung County Clerk on August 19, 1999.

Citing to *Matter of Mandala v Jablonsky* (242 AD2d 271), petitioner urges this Court to adopt a "mailbox rule" whereby proceedings by *pro se* prisoners would be deemed commenced, for Statute of Limitations purposes, when a verified CPLR article 78 petition is delivered to prison authorities or placed in the prison mail system for forwarding to the appropriate court (*see generally, Houston v Lack*, 487 US 266). We find such reliance misplaced. While the prisoner in *Matter of Mandala v Jablonsky* (*supra*) submitted a proposed order to show cause along with his verified petition and other supporting papers in urging the adoption of such rule, no such proposed order to show cause or notice of petition was submitted by petitioner herein (*see,* CPLR 304). Moreover, we have declined to adopt a "mailbox rule" even when the verified petition, accompanied by an order to show cause, albeit unsigned, was placed in the prison mailing system prior to the expiration of the limitations period (*Matter of Grant v Senkowski*, 270 AD2d 536), and the Court of Appeals has now affirmed our order (*Matter of Grant v Senkowski*, 95 NY2d 605). With this issue having been finally determined by the Court of Appeals, we affirm the order of Supreme Court.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.