Shawn CATLETT, Petitioner–
Appellant,

v.

Charles GREINER, Superintendent,
Green Haven Correctional Facility,
Respondent–Appellee.

No. 02–2121.

United States Court of Appeals,
Second Circuit.

July 2, 2003.

Malvina Nathanson, New York, N.Y., for
Petitioner–Appellant.

Morrie I. Kleinbart, Assistant District
Attorney, New York County (Robert M.
Morgenthau, District Attorney, New York
County, and Michael S. Morgan, Assistant
District Attorney, on the brief) New York,
N.Y., for Respondent–Appellee.

PRESENT: MCLAUGHLIN, LEVAL,
and RAGGI, Circuit Judges.

AMENDED SUMMARY ORDER

Petitioner–Appellant Shawn Catlett was
convicted in 1994 after a jury trial in New
York Supreme Court on two counts of
second-degree murder, two counts of sec-

ond-degree weapon possession, and one count of third-degree weapon possession, *see* N.Y. Penal Law §§ 125.25(1), 265.02, 265.03 (McKinney 2000). After exhausting direct and collateral avenues of state court review, Catlett petitioned for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 on two grounds: (1) the state court erred in finding him competent to stand trial, and (2) he was denied constitutionally effective appellate counsel.

Prior to reviewing these claims, the district court addressed a timeliness challenge to Catlett's petition. Pursuant to 28 U.S.C. § 2244(d)(1), Catlett was obliged to file his § 2254 petition within one year of May 19, 1999, the date his state conviction became final. This limitations period was tolled, however, during the pendency of Catlett's petition for *coram nobis* relief. *See* 28 U.S.C. § 2244(d)(1). At issue before the district court was whether tolling commenced on May 2, 2000, the date Catlett entrusted his *coram nobis* petition to prison authorities for transmittal to the Appellate Division, or May 8, 2000, the date the petition actually reached the state court. If the former date was used, Catlett's federal petition, dated January 29, 2001, was timely; if the latter date was used, his petition was one day late. Applying the "prison mailbox rule" to Catlett's state filing, *see generally Houston v. Lack,* 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (ruling that a *pro se* prisoner "files" his federal notice of appeal from a denial of habeas relief when he submits his papers to prison authorities for forwarding to the circuit court); *Noble v. Kelly,* 246 F.3d 93, 97 (2d Cir.), *cert. denied,* 534 U.S. 886, 122 S.Ct. 197, 151 L.Ed.2d 139 (2001) (applying prison mailbox rule to prisoner filing initial federal habeas petition with district court), the district court concluded that his *coram nobis* petition was filed on May 2, 2000, and that his federal petition was timely.

Nevertheless, because the district court also concluded that there was no merit to Catlett's habeas challenge to his state conviction, it denied habeas relief.

Catlett applied to this court for a certificate of appealability from the district court's habeas denial. We denied the application insofar as it sought review of the merits of the petition, but granted a certificate on the question of whether the prison mailbox rule applies to a state prisoner's filing of a state collateral attack for purposes of the Antiterrorism and Effective Death Penalty Act's tolling provisions.

The applicability of the prison mailbox rule to state filings that toll a federal statute of limitations is an issue that has divided federal circuit courts. The Fifth, Tenth, and Eleventh Circuits have declined to apply the rule to state court filings. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999) (declining to extend prison mailbox rule to state filings because "such a ruling would require us to interpret state rules of filing" and, instead, applying equitable tolling to review claim that difficulties in state filing excuses the failure to meet federal habeas deadline), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); *Adams v. LeMaster,* 223 F.3d 1177, 1181–82 (10th Cir.2000) (holding that in tolling limitations period for federal habeas petitions, principles of "comity and due deference" dictate that state rules, not the rule articulated in *Houston v. Lack,* determine when filings are pending in state courts; in New Mexico, filing occurs when papers are actually received by court clerk); *Webster v. Moore,* 199 F.3d 1256, 1258–59 (11th Cir. 2000) (holding that state petition must meet state filing deadlines to toll federal habeas statute of limitations). The Ninth Circuit, on the other hand, applies the prison mailbox rule equally to state as well

as federal filings. *See Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000). At issue in *Anthony v. Cambra*, however, were filings in California, a state that itself recognizes the prison mailbox rule. *See In re Jordan*, 4 Cal.4th 116, 119, 13 Cal. Rptr.2d 878, 840 P.2d 983, 985 (1992) (reaffirming "prison delivery" rule for purposes of determining whether notice of appeal was timely filed). By contrast, the New York Court of Appeals has recently concluded that the prison mailbox rule is foreclosed by state filing law, i.e., N.Y. C.P.L.R. § 304 (McKinney 2001), which requires papers to be date stamped by the clerk of court to be deemed "filed." *See Grant v. Senkowski*, 95 N.Y.2d 605, 608–09, 721 N.Y.S.2d 597, 744 N.E.2d 132 (2001) (acknowledging prison mailbox rule articulated in *Houston v. Lack*, but noting that Supreme Court has more authority in interpreting its own filing rules than Court of Appeals has in interpreting N.Y. C.P.L.R. § 304).

Whether a federal court calculating a federal statute of limitations must defer to the New York Court of Appeals's interpretation of state filing law is a question we need not resolve in Catlett's case, for, however we answer that question, no writ of habeas corpus could issue absent a reversal of the district court's ruling on the merits of the petition. No such reversal is possible in this case, in light of this court's limited certificate of appealability. *See Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir.2000) (noting that court may only address claims included in certificate of appealability).

Although Catlett urges us to expand the original certificate to include the merits of his habeas challenge, our review of the record indicates no "cogent or compelling reason" to do so. *See Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir.1999) (discussing extent to which "law of the case" doctrine limits appellate court discretion to reconsider prior rulings). Specifically, there is no reason to question the conclusion of the original motions panel that, on the merits of his claim, Catlett has failed to make the "substantial showing of the denial of a constitutional right" required to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

Under these circumstances, we vacate the pending certificate of appealability because, with review of the merits of Catlett's petition foreclosed, the prison mailbox rule issue presents us with no case or controversy on which petitioner could be granted habeas relief. *See* U.S. Const. art. III, § 2, cl. 1; *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) ("case or controversy" requirement "subsists through all stages of federal judicial proceedings, trial and appellate" and requires that the parties "continue to have a personal stake in the outcome of the lawsuit") (internal citations omitted).

Accordingly, we hereby VACATE the certificate of appealability granted in this case and AFFIRM the October 23, 2001 judgment of the district court denying Catlett's petition for a writ of habeas corpus.