■ In the Matter of ALFRED C. BLANCHE, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [786 NYS2d 589]—

Appeal from a judgment of the Supreme Court (Sheridan, J.), entered September 9, 2003 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time-barred.

Following a tier III disciplinary hearing, petitioner was found guilty of violating certain prison disciplinary rules. On January 22, 2003, petitioner received notification that the determination had been affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court thereafter granted respondent's motion to dismiss the proceeding as barred by the statute of limitations. This appeal ensued.

Petitioner's receipt of the final determination on January 22, 2003 triggered the four-month statute of limitations period within which to commence the CPLR article 78 proceeding challenging the determination (see CPLR 217 [1]; Matter of Ali v Goord, 284 AD2d 668 [2001]; Matter of James v Goord, 281 AD2d 825 [2001], lv denied 96 NY2d 721 [2001]). Inasmuch as the petition and supporting papers were not received by the Court Clerk until June 9, 2003, which was beyond the four-month statutory period, Supreme Court properly dismissed the proceeding as untimely (see Matter of Grant v Senkowski, 95 NY2d 605 [2001]; Matter of Bonez v New York State Dept. of Correction, 290 AD2d 325 [2002]). Although the record establishes that petitioner deposited the necessary papers in the prison mail system along with a disbursement form authorizing prison officials to deduct the cost of the postage from his account on May 16, 2003, this disbursement request was not approved until May 23, 2003. Notwithstanding petitioner's argument to the contrary, "we have declined to adopt a 'mailbox rule' even when the verified petition, accompanied [by the necessary papers], was placed in the prison mailing system prior to the expiration of the limitations period" (Matter of James v Goord, supra at 826; see Matter of Grant v Senkowski, supra). Furthermore, we find no merit to petitioner's contention that the untimeliness was caused by an inordinate delay on the part of prison officials in mailing his papers. In view of the foregoing, the merits of the underlying determination are not properly before this Court.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.