■ In the Matter of CANDIDO BAEZ, Appellant, v RICHARD A. BROWN, Queens County District Attorney, et al., Respondents. [949 NYS2d 730]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Weiss, J.), dated October 27, 2010, as, upon reargument, adhered to the prior determination in an order of the same court dated April 12, 2010, granting the motion of Richard A. Brown, Queens County District Attorney, pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the petition insofar as asserted against him as time-barred and the separate motion of Raymond W. Kelly, Chief of Police, New York City Police Department, pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition insofar as asserted against him as academic, and dismissed the proceeding.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated April 12, 2010, granting the motion of Richard A. Brown, Queens County District Attorney, pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the petition insofar as asserted against him as time-barred, and substituting therefor a provision, upon reargument, vacating the determination in the order dated April 12, 2010, granting the motion of Richard A. Brown, Queens County District Attorney, and thereupon denying that motion; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, the petition is reinstated insofar as asserted against Richard A. Brown, Queens County District Attorney, and the matter is remitted to the Supreme Court, Queens County, for a determination, on the merits, of the petition insofar as asserted against Richard A. Brown, Queens County District Attorney.

In March 2008, more than 18 years after he was sentenced, the petitioner, an inmate at the Sing Sing Correctional Facility, requested, pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]), the disclosure of certain documents relating to his trial and conviction, from the Queens County District Attorney and the New York City Police Department. Asserting that the response to his FOIL request was inadequate, the pro se petitioner sought to commence this CPLR article 78 proceeding first on November 17, 2008, and then again on February 23, 2009. In an order dated April 12, 2010, the Supreme Court granted the separate motions of the respondents to dismiss the petition insofar as asserted against each of them. More particularly, as to the respondent Richard A. Brown, Queens County District Attorney (hereinafter the District Attorney), the Supreme Court determined that the proceeding was time-barred. As to the respondent Raymond W. Kelly, Police Commissioner, New York City Police Department, sued herein as Raymond W. Kelly, Police Chief, New York City Police Department (hereinafter the Police Commissioner), the Supreme Court concluded that the Police Commissioner's response and tender of documents on January 26, 2010, in response to the petitioner's demand, rendered the proceeding academic. The petitioner moved for leave to reargue. In an order and judgment dated October 27, 2010, the Supreme Court granted leave to reargue, and thereupon adhered to its original determination. The petitioner appeals from the order and judgment. We modify.

Upon reargument, the Supreme Court properly adhered to its

original determination granting the Police Commissioner's motion to dismiss the petition insofar as asserted against him as academic, since he complied with the petitioner's FOIL request. However, upon reargument, the Supreme Court improperly adhered to its prior determination granting the motion of the District Attorney to dismiss the petition insofar as asserted against him as time-barred.

"The burden rests on the party seeking to assert the statute of limitations as a defense to establish that the petitioner was provided notice of the determination more than four months before the proceeding was commenced" (*Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]; *see Matter of Brown v New York State Racing & Wagering Bd.*, 60 AD3d 107 [2009]; *Berkshire Nursing Ctr., Inc. v Novello*, 13 AD3d 327 [2004]). Here, the final determination by the District Attorney with respect to the petitioner's FOIL request was made on December 1, 2008. While the petitioner initially attempted to commence the instant proceeding prematurely in November 2008, by mailing certain documents, including a petition and a proposed order to show cause, to the Clerk of the Supreme Court, Queens County, these documents were returned to the petitioner with a memo advising him to fill out a preprinted order for poor person relief. The petitioner thereafter remailed his papers to the "Supreme Court of the State of New York, Queens County" on February 26, 2009, by certified mail, return receipt requested. The record reveals that the petitioner's filing was received in the personnel office of the Supreme Court, Queens County, shortly thereafter. However, the record before us contains no information as to what happened to the petitioner's papers from February 26, 2009, until June 19, 2009, when an order was issued granting the petitioner's application for limited poor person relief pursuant to CPLR 1101. Thereafter, an index number was assigned to the matter, and copies of the petitioner's CPLR article 78 petition, along with the order to show cause, were served upon the respondents.

In attempting to meet his burden, the District Attorney asserted that the final determination regarding the petitioner's FOIL request was made on December 1, 2008, but that the petitioner's CPLR article 78 petition "was only received by the Queens County Clerk's Office on October 1, 2009, ten months after the [District Attorney's] final determination." The Supreme Court, on the other hand, found that the petitioner commenced this proceeding on September 8, 2009, and, thus, concluded that the petition was time-barred. This was error.

Under the commencement-by-filing system, a special proceed-

ing is "commenced by filing a petition," and the term "filing" is defined as the delivery of the petition to the clerk of the court in the county where the proceeding is commenced, along with payment of the requisite fee (CPLR 304 [a]). For the purposes of the commencement of a special proceeding, the county clerk is the person to whom a petition is to be delivered in order for that petition to be considered filed (*see* CPLR 2102 [a]; *Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745, 747 [2002]). Upon the filing of a petition, "an index number shall be assigned" (CPLR 306-a [a]).

However, CPLR 1101 (f) establishes. a special procedure for pro se prisoners, "which effectively changes the general rule and allows the commencement of a proceeding by the filing of an unsigned order to show cause" (*Matter of Grant v Senkowski*, 95 NY2d 605, 609 [2001]). Indeed, CPLR 1101 (f) provides a means for an inmate to commence an "action or proceeding" by paying a reduced filing fee, and filing a form affidavit along with, as applicable here, a petition with an unsigned order to show cause (CPLR 1101 [f] [1]).

CPLR 1101 (f) (1) mandates that, upon such filing, even before the proposed order to show cause is signed by a Justice or Judge, the case will "be given an index number . . . and the application will be submitted to a judge of the court," for determination of the application of the reduced filing fee (*id.*; *see Matter of Grant v Senkowski*, 95 NY2d at 609-610). As explained by the Court of Appeals, "this statutory scheme evinces the Legislature's intent to treat an inmate's unsigned order to show cause as 'filed' when the case is assigned an index number upon receipt of the papers by the clerk of the court" (*Matter of Grant v Senkowski*, 95 NY2d at 609-610).

Here, the District Attorney failed to present any evidence whatsoever as to when the Queens County Clerk, acting in her capacity as Clerk of the Supreme Court, Queens County, first received the petitioner's application for poor person relief pursuant to CPLR 1101. It was on that date that an index number should have been assigned pursuant to the statutory mandates. It was the District Attorney's burden to establish when the Queens County Clerk received the application for poor person relief, which he failed to do, contending instead that the date on which the Queens County Clerk's office received the signed order granting CPLR 1101 relief was the date of commencement. As we have previously noted, "the petitioner, a pro se prisoner, unlike other litigants, could not travel to the courthouse personally to see that the order to show cause was timely signed and filed. His control over the processing of his papers ceased when

he mailed them" (*Matter of Mandala v Jablonsky*, 242 AD2d 271, 272 [1997]). In *Matter of Mandala v Jablonsky*, a matter also commenced by a pro se prisoner, we held that because the petitioner's "papers were received in ample time to be signed and filed within the Statute of Limitations period, the proceeding must be deemed timely commenced" (*id.*). We see no reason for a different result here.

Accordingly, upon reargument, the Supreme Court should have vacated its determination in the prior order granting the District Attorney's motion to dismiss the petition insofar as asserted against him as time-barred, and thereupon denied that motion.

The petitioner's remaining contentions need not be reached in light of our determination. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.