OPINION OF THE COURT
Linda S. Jamieson, J.
There are four motions before the court in this hybrid CPLR article 78/declaratory judgment action commenced by plaintiff/ petitioner (plaintiff) when he was pro se. (He is now represented by counsel.) The first is plaintiffs petition, which seeks (1) to declare invalid the finding of Police Chief Michael Sullivan on October 24, 2011 that Police Officer David Trois did not have to reimburse the Town of Clarkstown for town property he used, such as gas while using the Town’s vehicles; (2) if the *673 court finds that there have been violations of law or the Constitution, that appropriate enforcement agencies be notified; (3) an order for all financial records involving payout of sick time to Trois, as well as all attendance and pay records for Trois from 2008 through the present; (4) all reports and investigation materials that respondents/defendants (defendants) relied on to exonerate Trois from the charges brought by plaintiff; and (5) to have the individual defendants from the Town Board and Chief Sullivan calculate and repay the monies “gifted” to Trois within 30 days.
The next motion, brought by all defendants, seeks to dismiss the petition. The third motion, brought by Trois as past president of the Clarkstown Patrolmen’s Benevolent Association, Inc.,[1] seeks to dismiss the petition and costs and sanctions.[2] The final motion, brought by plaintiff, seeks (1) to enjoin defendants from making any payments for sick leave accruals to Trois, or to any other police officer from the Clarkstown Police Department who has received donated sick time without leave of court;[3] (2) discovery, after a conference with the court; (3) a determination that plaintiff should respond to only one motion to dismiss on behalf of Trois; (4) to delete the reference to Trois in the caption; (5) leave to file an amended complaint after the completion of discovery; and (6) to adjourn the other motions until after the completion of discovery.
Plaintiff is a former police officer with the Department, who apparently has a very long history with the Town and Department. Trois alleges that there has been bad blood between them for many years. This somewhat sordid history is not relevant here.
There are several facts not in dispute. First, there is no dispute that plaintiff is not a resident of the Town. Defendants argue that, as a result, plaintiff does not have standing to raise any claims pursuant to General Municipal Law § 51. Plaintiff agrees, and states that he does not raise any claims pursuant to General Municipal Law § 51. (He asserts that his claims arise *674 under Civil Service Law § 102 instead, which is addressed below.)
There is also no dispute that during the pendency of this action, Trois retired from the Department, effective April 30, 2012. Trois had 79 accrued sick days at the time of his retirement, and received a payout of $41,531.88 for those sick days. Although plaintiff sought a stay of the payout, the court denied the stay. There is also no dispute that the labor contract between the Town and the PBA provides for the payment of all unused sick days upon retirement.
The contract also provides that at certain set periods, employees may relinquish accumulated sick days back to the Town for a payout according to a formula set forth in the contract. Trois had previously, in October 2008, received a payout of $28,473.90 for 65 accrued sick days. There is also no dispute that before plaintiff retired in 1999, he too received a payout for accrued sick days. This occurred in 1987, when plaintiff received a payout of $11,365.47 for 71.5 unused sick days. Previously, Trois was out on sick leave, being treated for cancer, from December 2007 through April 2008.
Standing
The first issue that the court must address is defendants’ argument that plaintiff lacks standing to bring this action. As stated above, plaintiff admits that he does not having standing under General Municipal Law § 51. To the extent that any such claims are pleaded — and plaintiff says that there are none— they are dismissed.
Instead, plaintiff claims that he has standing because his claims arise under Civil Service Law § 102 (1). That section provides, in relevant part, that
“[a]ny taxpayer . . . shall have the right to bring an action in the supreme court to declare illegal or restrain payment of salary or compensation to any person appointed to or holding any . . . employment in violation of any of the constitutions or provisions of this chapter . . . ; provided, however, that any judgment or injunction granted or made in any such action shall be prospective only, and shall not affect payments already made or due to such persons by the proper disbursing officers . . . .” (Emphasis added.)
The plain language of this section states that this section only allows taxpayers to bring actions for prospective relief. The stat *675 ute goes on to state, quite plainly, that it cannot “affect payments already made.” All of the payments at issue here, as plaintiff admits, have already been made to Trois. Thus this section, by its plain language, simply does not give plaintiff standing to bring this action.
The court need not address defendants’ argument that plaintiff lacks standing to bring an article 78 claim, because, as set forth below, all of the article 78 claims are time-barred.
Statute of Limitations
The next issue that the court must address is the statute of limitations. The statute of limitations for article 78 proceedings is four months (CPLR 217; Baez v Brown, 98 AD3d 609 [2d Dept 2012]). This time begins to run once the determination at issue becomes final and binding (CPLR 217 [1]; see also Dormer v Suffolk County Police Benevolent Assn., Inc., 95 AD3d 1166 [2d Dept 2012]).
That means that any claim concerning the payout of the sick days to Trois in October 2008 is time-barred. This is true even if the court ignores the four-month article 78 statute of limitations, and instead applies a more generous three-year statute of limitations under CPLR 214 (2) (see Eldridge v Carmel Cent. School Dist. Bd. of Educ., 82 AD3d 1147 [2d Dept 2011]).
It actually does not appear, though, that plaintiff disputes this. Instead, in an attempt to save his cause of action, plaintiff argues that his complaint really concerns the payout of accrued sick days to Trois in April 2012. However, as this payout did not occur until after the petition was filed, the allegations in the petition cannot refer to the payout. Even if the court were to ignore this “bootstrapping” argument and assume that the cause of action referred to the payout in April 2012, plaintiffs position is still meritless. There is no dispute that the payout of unused, accrued sick days upon retirement is expressly allowed by the contract. Plaintiff’s real issue boils down to this — if Trois had not improperly been allowed to take other officers’ sick days back in 2008, he would not have had any accrued sick days in 2012 to cash out. This argument — the only one that makes sense — is based on conduct that occurred approximately four years before the action was commenced. It is, thus, time-barred, under any applicable statute of limitations.
Next, plaintiff raises claims concerning two different incidents of Trois’ alleged misuse of a squad car, once in October 2010 (which was resolved, not to plaintiffs satisfaction, in Nov. *676 2010 by no disciplinary action being taken against Trois), and the second in September 2011 (which was also resolved, not to plaintiff’s satisfaction, in Oct. 2011, by Trois being “exonerated”). Both of these incidents are time-barred under the article 78 four-month statute of limitations. Plaintiff now argues that these two incidents are not article 78 claims. Rather, plaintiff asserts that “even allegations concerning Trois’ use of Town vehicles, gas, and E-Z Pass for personal use is timely. The three-year statute of limitations, under [the] Civil Service Law applies since it involves a gift of public funds.” The court disagrees with this post hoc interpretation of the petition; a review of the petition shows that plaintiffs real issue is with the improper discipline of Trois by Chief Sullivan and the Deputy Town Attorney. It is well-settled that the court must examine the nature of the action to determine the appropriate statute of limitations (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194 [1994]; see also New York City Health & Hosps. Corp. v Bane, 87 NY2d 399 [1995]). The petition states that with respect to the October 2010 incident, the Deputy Town Attorney’s “response was inappropriate,” and “ignores the Constitution.” Plaintiff goes on to state in the petition that
“[i]t is clear to the Petitioner that the powers that be at the Town of Clarkstown were giving preferential treatment to Police Officer Trois. . . . It is not only unfair to render unequal treatment to employees, it is illegal and violates the rules and regulations of the Town of Clarkstown, which require that the Police Chief deal with his subordinates in a fair and equitable manner.”
Examining the allegations regarding the second incident in September-October 2011 reveals that plaintiff has made similar assertions. He states that his follow-up letter in October 2011 “prompted a short and irresponsible response from Chief Sullivan, considering the seriousness of the complaints levied against Trois and the fact that Trois admitted his wrongdoing on both accounts.” The petition continues on in the same vein. It is clear that plaintiffs complaint about both of these incidents is not the de minimis amount of money that was at stake in Trois’ allegedly improper use of the police car and gas. Rather, plaintiff is aggrieved by the fact that Trois was not disciplined at all. Plaintiffs complaint is with how the incidents were handled by Chief Sullivan and the Town. This is precisely the purpose of an article 78 proceeding (see e.g. Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering *677 Bd., 97 AD3d 1044, 1045 [3d Dept 2012] [“Where, as here, the challenge brought is to a quasi-legislative act or decision made by an administrative agency, it is well settled that the proper vehicle for such review is a CPLR article 78 proceeding and the four-month statute of limitations applies”]; Matter of Montella v Safir, 290 AD2d 261 [1st Dept 2002]). Because plaintiff’s complaints about these two incidents are properly brought as article 78 claims, the four-month statute of limitations applies, and, accordingly, they are time-barred.
Remaining Issues
Plaintiff also purports to bring claims for violations of Penal Law §§ 195.00 and 200.20. However, there is no basis for a private right of action under either of these sections (see e.g. Tourge v City of Albany, 285 AD2d 785 [3d Dept 2001] [no private right of action under Penal Law § 195.00]). Indeed, a review of plaintiffs papers shows that plaintiff does not even argue that there is such a private right of action. Accordingly, the court dismisses the Penal Law claims.
While plaintiff seeks leave to amend his complaint to add new causes of action, he unfortunately fails to submit such a proposed complaint to the court as required by CPLR 3025 (b), which states that “[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading” (see also Muro-Light v Farley, 95 AD3d 846 [2d Dept 2012]). Plaintiff claims that he cannot provide a proposed amended complaint to the court, because he requires discovery first. That assertion is meritless because plaintiff has not demonstrated that he has standing to proceed on any of his claims and/or his claims are time-barred. Discovery will not improve either situation.
Accordingly, the petition is dismissed. All other requests for relief are denied. The court notes that this decision and order does not address any of the allegations concerning any of plaintiff’s pending FOIL requests, as these are not properly before the court.

. Trois was sued in two different capacities, both as a police officer, and as the past president of the PBA. He has different representation in each capacity, because the PBA provided counsel for Trois. There was no change of counsel, as plaintiff asserts.

. Plaintiff agrees to dismiss Trois from the action. Thus, this motion is moot. The court denies the request for sanctions.

. Because Trois retired and was paid for accumulated sick days, plaintiff asserts correctly that this request for relief is now moot.